

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

ENTRAL GROUP INTERNATIONAL, LLC,   )
                                   )
                                   )    Case No: 05cv363(FB)(KAM)
            Plaintiff,             )
                                   )
        v.                         )
                                   )    **CONSENT DECREE.**
                                   )
WAVE CAFÉ, INC., AND LI LI,        )
                                   )
            Defendants.            )
                                   )
-----------------------------------------------------------

WHEREAS, Plaintiff Entral Group International, LLC, ("EGI"), has commenced this action against Wave Café, Inc. and Li Li (collectively "Defendants") by filing the Complaint on January 21, 2005; and

WHEREAS, the parties have been represented by the attorneys whose names appear hereafter; and

WHEREAS, the parties have agreed to the settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, the Court finds:

1. Defendants have been duly served with the Summons and Complaint.

2. This Court has subject matter and personal jurisdiction over all parties.

3. The Complaint states a claim upon which relief can be granted for (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, (ii) federal unfair competition and false designation of origin under 15 U.S.C. §1125(a), (iii) federal false advertising under 15 U.S.C. §1125(a), (iv) false advertising under New York General Business Law §350, (v) deceptive trade practices under New York General Business Law §349, (vi) unfair competition under New York General Business Law §360-l, (vii) use of name with intent to deceive in violation of New York Business Law §133, and (viii) common law unfair competition.

NOW, THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## PAYMENT BY DEFENDANTS

1. Defendants shall pay to EGI a sum as provided for in the confidential November 15, 2005 Settlement Agreement.

## REMOVAL OF WORKS

2. As of November 30, 2005, Wave will permanently remove all of the Works identified in the Complaint from any machine, device, or equipment in Wave's possession, custody, or control capable of storing, displaying, performing, and/or commercially using the Works.

## INJUNCTION

3. Defendants are restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents (including any electronic files and data) that relate to the business practices or personal finances, related to the commercial use of audio-visual karaoke Works, of any named Defendant for a period of three (3) years following this Consent Decree; and

4. As of November 30, 2005, Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be permanently enjoined from commercially using or infringing upon EGI's copyright interests in any audio-visual Chinese language karaoke Work identified in the Complaint which were created by the Companies Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd.

## COMPLIANCE

4. Defendants will allow EGI, and its respective agents, employees, and officers, reasonable access to the premises of Defendants to inspect the audio-visual karaoke Works and business records to ensure that Defendants are in full compliance with this Order.

## CONTINUING JURISDICTION

5. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

6. If any Defendant violates this Decree and is found in civil or criminal contempt thereof, that Defendant shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, investigational expenses, and court costs relating to contempt proceedings related to that Defendant.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

SO ORDERED, this 22 day of November, 2005.

JUDGE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

The parties, by their counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

| For the Plaintiff | For the Defendants |
|---|---|
| /s/ David E. Wienir | /s/David J.Hoffman |
| David E. Wienir (DW-5804) | David John Hoffman (DH- 7605) |
| Thelen Reid and Priest LLP | 29 Broadway, 27th |
| 875 Third Avenue | New York, New York 10006 |
| New York, New York, 10022 | (212) 425-0550 |
| (212) 603-6574 | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |